IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL M. PASKINS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 15-147-SLR |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

Daniel M. Paskins, Jr. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

May 24, 2017
Wilmington, Delaware

ROBINSON, Senior District Judge

## I. INTRODUCTION

Petitioner Daniel M. Paskins Jr. ("petitioner") filed an application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("application"). (D.I. 1) For the reasons that follow, the court will deny petitioner's § 2254 application.

## II. BACKGROUND

Petitioner pled guilty to first degree robbery and first degree burglary in October 1988. See Paskins v. State, 58 A.3d 983 (Table), 2012 WL 5948969 at *1 (Del. Nov. 27, 2012). On March 9, 1989, he was sentenced to a total of twenty years at Level V imprisonment, suspended after four and one-half years for thirteen and one-half years at Level II probation. Id. In January 1994, petitioner was convicted on four counts of first degree robbery and one count of possession of a deadly weapon during the commission of a felony, and he was sentenced to a total period of thirty-three years at Level V, suspended after twenty-five years for probation. See Paskins, 2012 WL 5948969, at *1. As a result of this new conviction, the Superior Court found petitioner in violation of his probation ("VOP") for his 1988 convictions. The Superior Court re-imposed the sentence of twenty years, suspended after four and one-half years of imprisonment, with credit for time served, followed by ten years of probation. (D.I. 16 at 1-2)

In November 2010, petitioner filed a motion to modify his VOP sentence for his 1988 convictions. See Paskins, 2012 WL 5948969 at *1. After granting the motion, the Superior Court modified petitioner's sentence on January 19, 2011 by suspending all of the remaining Level V time and imposing a one year period at Level IV home

confinement, followed by four years at Level III probation. See Paskins, 2012 WL 5948969 at *1. In July 2012, petitioner was arrested and charged with driving under the influence of alcohol. Id. As a result of that arrest, in August 2012 the Superior Court found petitioner in violation of his probation for his 1988 convictions and sentenced him to a total period of thirty-one years at Level V incarceration, suspended entirely for one year at Level IV home confinement, to be followed by probation. Id. The Delaware Supreme Court affirmed that VOP sentence order. Id. at *2.

On January 4, 2013, petitioner was found in violation of his probation for his 1988 convictions after testing positive for alcohol during a urine screening test. (D.I. 16 at 3) As a result, the Superior Court immediately sentenced him on the VOP to a total of thirty one years at Level V incarceration, suspended upon successful completion of the Greentree program for decreasing levels of treatment and supervision. (D.I. 18 at 222-225, 230) Petitioner appealed, and the Delaware Supreme Court dismissed petitioner's appeal on March 14, 2013 due to his failure to pay the filing fee or file a motion to proceed in forma pauperis, and his failure to file a timely response to show cause. See (D.I. 18 at 230); Paskins v. State, 2013 WL 1098258 (Del. Mar. 14, 2013). Petitioner filed a Rule 35 motion on April 1, 2013, which the Superior Court denied on April 9, 2013. (D.I. 16 at 2)

On July 1, 2014, petitioner filed a motion to reduce his sentence for his January 2013 VOP, which the Superior Court denied on August 27, 2014. (D.I. 16 at 2) Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on September 16, 2014. The Superior Court

2

denied the Rule 61 motion on September 29, 2014, and the Delaware Supreme Court affirmed that decision on January 14, 2015. *See Paskins v. State*, 108 A.3d 1225 (Table), 2015 WL 177415 (Del. Jan. 14, 2015).

Thereafter, petitioner filed in this court the instant pending application for habeas relief. In his sole claim, petitioner contends that he is actually innocent of his January 4, 2013 VOP conviction (relating to his 1988 convictions), because the probation officer lied when he said that petitioner's urine tested positive for drugs and alcohol. The State filed an answer, asserting that the application should be denied in its entirety as moot, because petitioner only challenges the Level V incarceration resulting from his 2013 VOP conviction and he is now on probation. (D.I. 16 at 3-4) Alternatively, the State contends that the application must be dismissed as time-barred. (D.I. 16 at 3-4)

## III. DISCUSSION

### A. Mootness

According to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his

3

conviction, the injury requirement is not presumed. See *Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir. 2001). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act"[1] "that is likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7. In the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. See *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); *Chong*, 264 F.3d at 383-84.

The State alleges that the application is moot because petitioner only challenges the Level V incarceration resulting from his January 2014 VOP, and he is now serving the probation portion of his sentence. The court rejects this argument, because petitioner's "actual innocence" argument challenges the validity of his January 2013 VOP proceeding as a whole, not just the portion of the VOP sentence ordering his Level V incarceration. Therefore, the fact that petitioner is no longer serving the Level V portion of his VOP sentence does not render his application moot.

### B. Timeliness

The court also disagrees with the State's alternate contention that petitioner's application is time-barred under AEDPA's one year statute of limitations. To begin, the court concludes that petitioner's judgment of conviction became final under 28 U.S.C. § 2244(d)(1) on June 13, 2013, and not, as the State contends, on March 14, 2013. Pursuant to § 2244(d)(1)(A), if a petitioner appeals a state court judgment but does not

---
[1] *Kissinger*, 309 F.3d at 181.

4

seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. See *Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Even though the Delaware Supreme Court dismissed petitioner's direct appeal on March 14, 2013 for failure to pay the appellate filing fee and/or respond to its order to show cause, the finality of judgment calculation still includes the ninety-day period petitioner could have sought certiorari review of the Delaware Supreme Court's dismissal, which results in a finality date of June 13, 2013. See, e.g., *Tolbert v. Jones*, 2015 WL 631368, at *2 (S.D. Ala. Feb. 13, 2015)(the ninety-day period for seeking certiorari review of the state supreme court's dismissal of petitioner's direct appeal for failure to pay the appellate filing fee is included when determining the finality of petitioner's judgment of conviction, because petitioner was entitled to seek certiorari review of his direct appeal even though it was dismissed for failure to pay the appellate filing fee). Applying one year to that date, petitioner had until June 13, 2014 to timely file his petition. See *Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005)(Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Wilson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015)(AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run).

Petitioner did not file the instant application until February 3, 2015,[2] a little less than two full years after the expiration of the limitations period. However, statutory

---

[2]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on

5

tolling saves the instant application from being time-barred. Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Finally, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, once petitioner's judgment of conviction became final on June 13, 2013, the limitations clock ran for 229 days before he filed a Rule 61 motion on January 28, 2014. The Superior Court denied the Rule 61 motion. Although petitioner appealed that decision, he voluntarily withdrew his appeal on March 20, 2014. Thus, the Rule 61 motion tolled the limitations period from January 28, 2014 through March 20, 2014.

The limitations clock started to run again on March 21, 2014, and ran ninety-one days until petitioner filed a motion for sentence reduction on July 1, 2014. The Superior

---

the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts February 3, 2015, as the date of filing because that is the date he certified that he placed it in the prison mailing system.

Court denied the motion for sentence reduction on August 28, 2014. Petitioner did not appeal that decision, but the limitations period remained tolled until the thirty-day appeal period expired on September 18, 2014. In addition, petitioner filed a Rule 61 motion on September 16, 2014. The Superior Court denied the Rule 61 motion on September 29, 2014, and the Delaware Supreme Court affirmed that decision on January 14, 2015.

In these circumstances, petitioner's motion for sentence reduction and his Rule 61 motion tolled the limitations period from July 1, 2014 through January 14, 2015. Consequently, when petitioner filed the instant application on February 3, 2015, there were still twenty-six days left in AEDPA's limitations period. Accordingly, the court concludes that the application is not time-barred.

### C. Cognizability

Nevertheless, the court concludes that petitioner's application does not warrant relief. Petitioner asserts that he is actually innocent because the probation officer falsely accused him of drinking alcohol while on probation, he never admitted to using alcohol, and the results of his urinalysis do not conclusively mean that he tested positive for alcohol use. (D.I. 19 at 1) As a general rule, a claim of actual innocence, if proven by new reliable evidence, permits a court to review the merits of an otherwise defaulted claim and acts as a gateway for excusing procedurally defaulted claims. See House v. Bell, 547 U.S. 518, 554-55 (2006). Whether or not a freestanding claim of actual innocence is cognizable on federal habeas review remains an open question in Supreme Court jurisprudence. Id. However, even if a stand-alone claim of actual innocence were cognizable on habeas review, the threshold showing of actual

innocence would be high, requiring a movant to demonstrate (a) "new reliable evidence" that was previously unavailable and establishes that it is more likely than not that no reasonable juror would have convicted him, and (b) that he exercised reasonable diligence in bringing his claim ("*Schlup* standard"). *See Herrera v. Collins*, 506 U.S. 390, 417 (1993); *Schlup v. Delo*, 513 U.S. 298, 324, 327-28 (1995); *Reed v. Harlow*, 448 F. App'x 236, 238 n.2 (3d Cir. 2011).

In his Rule 61 appeal, petitioner argued that he was actually innocent of his 2013 VOP. The Delaware Supreme Court affirmed the Superior Court's summary denial of the Rule 61 motion after determining that petitioner's contentions of actual innocence were not sufficient to overcome the fact that petitioner's Rule 61 motion was time-barred. *See Paskins*, 2015 WL 177415, at *2. Notably, in this proceeding, petitioner does not allege that he has new reliable and previously unavailable evidence demonstrating his actual innocence, and his redundant and self-serving assertions of actual innocence do not satisfy the *Schlup* standard. Accordingly, the court will deny petitioner's application because it fails to assert an issue cognizable on federal habeas review.

### IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims

8

debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V.  CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.